ROBERT L. DAVIS III AND WIFE ANNIE S. DAVIS, MARGARET DAVIS ALLEN AND HUSBAND, W. A. ALLEN, AND JANIE DAVIS GRIFFIN, UNMARRIED, v. FRANCIS MILLARD GRIFFIN, W. A. ALLEN III, AND FRANCES MARION ALLEN, MINORS, AND THE UNBORN NEXT OF BLOOD KIN OF ROBERT L. DAVIS III, THE UNBORN NEXT OF BLOOD KIN OF

MARGARET DAVIS ALLEN, AND THE UNBORN NEXT OF BLOOD KIN OF JANIE DAVIS GRIFFIN, APPEARING HERE BY THEIR GUARDIAN AD LITEM, SAM B. UNDERWOOD, JR.

(Filed 4 June, 1958.)

**Partition § 4a—**

In this proceeding for partition of a number of tracts of land, petitioners asserted title in fee simple in an undivided portion of each tract and a life estate in an undivided portion of each tract, with remainder in fee to defendants, minors and unborn children represented by guardian *ad litem,* but there was no allegation as to defendants' interest, and the will under which the nature of such interest could be determined was not set out. *Held:* Judgment for actual partition as prayed must be set aside and the cause remanded for reformation of the pleadings and the finding of necessary facts.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bundy, Resident Judge,* Third Judicial District, in Chambers, March 29, 1958, from PITT.

Special proceeding for actual partition of land, heard in Superior Court upon appeal by guardian ad litem of defendants from judgment of Clerk of Superior Court for partition as prayed.

From judgment of *Bundy,* Resident Judge, holding that Clerk of Superior Court had jurisdiction to grant the relief sought in the petition, and confirming in all respects the judgment of Clerk, defendant guardian ad litem appeals to Supreme Court and assigns error.

*Lewis & Rouse for plaintiff, appellees.*
*Underwood & Everett for defendant, appellants.*

WINBORNE, C. J. The order of partition signed by the Clerk appears to have been based upon the record of appointment of guardian ad litem, and pleadings.

There are no findings of fact.

Hence, it is appropriate to analyze the record and pleadings to ascertain if they are sufficiently definite and accurate to justify the conclusion reached by the Clerk. They do not appear to be.

In the caption of the petition Robert L. Davis III and wife, Annie S. Davis, Margaret Davis Allen and husband, W. A. Allen, and Janie Davis Griffin, unmarried, are named petitioners and Francis Millard Griffin, W. A. Allen III and Frances Marion Allen, minors, and the unborn next of blood kin of Margaret Davis Allen, the unborn next of blood kin of Janie Davis Griffin and the unborn next of blood kin of Robert L. Davis III are named as defendants.

And in paragraph 1 of the petition it is set forth that defendants W. A. Allen III and Frances Marion Allen are minors and reside with their parents W. A. Allen and Margaret Allen, and Francis Millard Griffin is a minor and resides with his mother, Janie Davis Griffin.

It is set forth in paragraph 2 of the petition (1) that Robert L. Davis III, Margaret Davis Allen and Janie Davis Griffin own (a) a fee simple interest in some undivided portion of each tract of land hereinafter described fifty-seven tracts, and (b) a life estate in some undivided portion of each tract of said land, and (2) that "the defendants herein named own a remainder in fee of the undivided portion of each and every tract hereinafter described in which the petitioners, Robert L. Davis III, Janie Davis Griffin, and Margaret Davis Allen own a life estate."

It is also set forth in said paragraph 2 of the petition that the lands in which the petitioners Robert L. Davis III, Margaret Davis Allen and Janie Davis Griffin own a portion in fee simple and a portion in life estate, with remainder in fee to "the defendants, herein named, in that portion in which said Robert L. Davis III, Margaret Davis Allen and Janie Davis Griffin own a life estate are described" as therein set forth. Then follows description of each of the fifty-seven tracts, and as to each tract the interests petitioners own are set forth. For example, after the description of the first tract it is stated that "the petitioners own a fee simple interest in two-fifths undivided interest in this tract of land and a life estate in three-fifths undivided interest in said tract of land." But there is no allegation as to defendants' interest.

And it is set forth in paragraph 3 of the petition that petitioners, naming them, are of full age, and that defendants W. A. Allen III, Frances Marion Allen and Francis Millard Griffin are minors without general or testamentary guardian.

In paragraph 4 of the petition it is set forth that "petitioners * * * desire to hold their interest in said lands in severalty or as tenants in common in fee simple to the extent that their interests in all the said tracts of land entitle them to hold and desire to hold the remainder of said tracts of land as by life estate *affected with the remainder and contingencies as to which each of said tracts is now affected;* and that the nature and quantity of tracts of land, described in paragraph 2 of the petition are such that an actual division thereof can be made among the aforesaid tenants in common. (Emphasis supplied) But the "contingencies" are not described.

"Wherefore, the petitioners pray:

"First: That the court appoint a guardian ad litem to represent said minors and unborn next of blood kin of Margaret Davis Allen,

the unborn next of blood kin of Janie Davis Griffin, and the unborn next of blood kin of Robert L. Davis III.

"Second: That commissioners be appointed to allot to the petitioners (naming them), as tenants in common, in fee simple, so many individual tracts of land as their interest in all of said tracts entitle them to hold separately and apart from the tracts in which they own a life estate.

"Third: That the costs incurred in this proceeding be taxed against the petitioners.

"Fourth: For such other and further relief to which they may be entitled under the law."

And the petition for the appointment Guardian ad litem, showeth to the court the purpose of the proceeding, reading in part "so that the petitioners would hold in severalty or as tenants in common in fee so much of said lands as their undivided interest in fee simple in all of the tracts of land described in the petition filed in this cause would justify, and would hold the other tracts by life estate with remainder in fee pursuant to the terms of the last will and testament of R. L. Davis." But the provisions of the will are not set out in the record.

And the record discloses that Sam B. Underwood, Jr., has been duly appointed guardian ad litem of minor defendants, Francis Millard Griffin, W. A. Allen III, and Frances Marion Allen, and of the unborn next of blood kin of Robert L. Davis III, Margaret Davis Allen and Janie Davis Griffin, in this proceeding, and authorized and directed to appear and defend the same on the minors' behalf as such guardian ad litem, and that he accepted the appointment and agreed to act faithfully and diligently in said capacity.

The guardian ad litem, answering in pertinent part, avers "that except as herein admitted the allegations of paragraph 2 of the petition are denied; it being specifically admitted that under the will of the late R. L. Davis, who died testate in Pitt County, and which said will is duly of record in the office of the Clerk of Superior Court of Pitt County in Will Book 6, at page 535, certain lands or interests therein were devised to the five children of the late F. M. Davis, namely * * *." Here the question arises as to "what interests". Does the will shed light? But it is not here!

Here follows genealogical data affecting the five children of the late F. M. Davis, (and) it is further admitted that subsequent to the death of R. L. Davis the late F. M. Davis, together with his wife, Lucy B. Davis, executed deeds for certain interests in the lands hereinafter described, as will more fully hereinafter appear."

Then there follows "admissions with respect to various parcels of land herein described * * * ":

DAVIS v. GRIFFIN.

"Tract No. 1 * * * known as the Marlboro Farm, devised by the will of R. L. Davis to the five children of F. M. Davis *for their lifetime in equal shares*, and *upon the death of Frances Marion Davis* his one-fifth share therein passed in fee to his brother and three sisters, so that a 3/60 undivided interest in the said tract of land was then held in fee by Janie Davis Griffin, a 3/60 undivided interest in fee was held by Margaret Davis Allen, and a 3/60 undivided interest was held by Robert L. Davis III; and *upon the death of Virginia Elizabeth Davis* her one-fifth (12/60) share therein passed to Janie Davis Griffin, · Margaret Davis Allen and Robert L. Davis III, in the proportion of a 4/60 undivided interest to each, and that the share in fee which had passed to the said Virginia Elizabeth Davis *upon the death of Frances Marion Davis* likewise passed in the proportion of 1/60 to the said Janie Davis Griffin, Margaret Davis Allen and Robert L. Davis III, so that the said Janie Davis Griffin, Margaret Davis Allen and Robert L. Davis III, by virtue of the terms of the will of R. L. Davis and the deaths, as aforesaid, of Frances Marion Davis and Virginia Elizabeth Davis, now own each an 8/60 undivided interest in fee, a total of 24/60 undivided interest in fee, in this tract of land, together with a life estate in the remaining 36/60 (3/5) undivided interest in the said tract of land." (Emphasis supplied)

But if these two decedents only took a life estate under the will of R. L. Davis, how could any interest pass from them on their death? Indeed, there does not appear in the said answer any admission as to who owns the remainder in the 36/60 share, or the terms and conditions under which the remaining interest is held.

Then follows description of the fifty-seven tracts of land, with admission only as to interest owned by petitioners.

And for further answer and as an affirmative defense, the guardian ad litem avers and says:

"1. That G.S. 41-11 provides for a sale, lease or mortgage 'where there is a vested interest in real estate and a contingent remainder over to persons who are not in being, or when the contingency has not happened which will determine who the remaindermen are' but that such statute makes no provision for an actual partition or division such as is sought by petitioners in this proceeding, and that no statutory authority exists for the kind of partition contemplated and desired by petitioners in this proceeding.

"2. While it is admitted that the lands described in the petition are extensive in quantity and are made up of various types of improved and unimproved lands, the partitioning of such lands in the manner sought by the petition so as to have all of said tracts held in fee by Janie Davis Griffin, Margaret Davis Allen and Robert L. Davis III,

and all of the other tracts of land held by life estate of the said Janie Davis Griffin, Margaret Davis Allen and Robert L. Davis III, with the remainder over to their next of Blood kin, is not provided for by statute nor by the common law, and such lack of authority and failure of the court to have jurisdiction to grant the relief sought is specifically pleaded in bar of the petitioners' right to have the relief sought in this proceeding."

In the light of the admissions and denials set out in the answer, and the plea as hereinabove set forth, it would seem that for a proper consideration of the questions presented, this Court should have the benefit of acquaintance with the terms and conditions of the will of R. L. Davis,—and as to who are the remaindermen, and as to who are "next of blood kin" of petitioners and otherwise as the term is used in this proceeding.

Hence the judgment will be set aside and the cause remanded to the end that perhaps the pleadings may be reformed, or hearing had, and facts found and conclusions made as to justice appertains, and the law directs.

In future proceedings the parties may find it less confusing to consider only a tract selected as typical of each group of like factual situation.

The petitioners will pay the costs of this appeal.

Remanded.

Parker, J., took no part in the consideration or decision of this case.